**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1835 & 18-1988
_____

ANDREA STOVER; DOMINIQUE STOVER


v.

NJ STUYVESANT LLC, AKA The Clearstone Group Inc.;
PRESIDENT DANIEL KIRZNER

Andrea Stover and Dominique Stover, Appellants in 18-1835

Dominique Stover, Appellant in 18-1988
_____


On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2-17-cv-13590)
District Judge: Honorable John M. Vazquez
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2018
Before: VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: August 29, 2018)
_____

OPINION[*]
_____


PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellants Andrea Stover and Dominique Stover appeal the District Court's dismissal of their complaint. For the reasons that follow, we will affirm the District Court's judgment.

In December 2017, appellants filed a complaint alleging that their landlord was neglecting to conduct maintenance on their rental unit, was harassing them, and was seeking to evict them. On January 30, 2018, the District Court dismissed their complaint for lack of subject matter jurisdiction, as the parties were not diverse and appellants had brought no federal claims in their complaint. However, the Court provided appellants with thirty days to file an amended complaint. Nearly two months later, having received no filings from appellants, the District Court dismissed their complaint with prejudice. Appellants timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's dismissal of appellants' complaint. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008).

Appellants do not challenge the District Court's initial dismissal of their complaint without prejudice; thus, they have waived any challenge to that decision. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal"). They do contest the District Court's subsequent dismissal of their complaint with prejudice, but do not explain why they failed to file an amended complaint by the Court's deadline. In dismissing their complaint with prejudice, District Court merely finalized its prior dismissal of appellants' complaint on the merits after they did not provide any new

2

allegations that would permit their claims to survive dismissal.

Appellants' sole argument on appeal is that the District Court should have construed their complaint to bring a claim under the Fair Housing Act ("FHA"), sua sponte, before it dismissed it with prejudice. However, even if the District Court had read their complaint to include a claim under the FHA, it would have failed to survive dismissal. In order to prevail on a disparate treatment claim under the FHA, a plaintiff must show "that some discriminatory purpose was a 'motivating factor' behind the challenged action." See Cmty. Servs., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170, 177 (3d Cir. 2005). Appellants' vague, conclusory statements that their landlord took adverse actions against them because of one appellant's disability are insufficient to claim that any discriminatory purpose motivated their landlord's actions. Appellants' subsequent filings have not clarified these allegations. Therefore, we will affirm the District Court's dismissal of appellants' complaint.